IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BORIS BRANCH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL J. ASTRUE,<br><br>　　　　Defendant.<br>_____ / | No. C 07-05530 SI<br><br>**ORDER DENYING THE CROSS-MOTIONS FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** |

The parties have filed cross-motions for summary judgment on this Social Security appeal. Based upon the Court's review of the parties' papers and administrative record, the Court hereby DENIES plaintiff's motion for summary judgment, DENIES defendant's motion for summary judgment, and REMANDS the matter for further proceedings.

## BACKGROUND[1]

### I.   Procedural history

Plaintiff filed an application for disability insurance benefits on April 8, 2003, alleging disability on the basis of lumbar disc bulge and sciatic nerve pain. After his claims were denied, plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). On October 25, 2006, plaintiff appeared with counsel at a hearing in Oakland, California. The ALJ denied plaintiff's claim. Plaintiff's request for Appeals Council review was denied on September 26, 2007, upon which plaintiff filed this action. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

---

[1] Unless otherwise stated, all of the following alleged facts are derived from Plaintiff's Notice, Motion for Summary Judgment and Supporting Memorandum.

**II.     Factual background**

   **A.     Physical impairments**

Plaintiff was born on November 26, 1960, has a high school education and worked until 2002 as a construction equipment repairman. He alleges he has been disabled since March 15, 2002, as a result of a work injury, which was initially diagnosed as a hamstring tear. A MRI of the lumbar spine on March 19, 2003 showed "moderately severe facet hypertrophic changes on the right cause moderate right neural foramen narrowing," and "moderately severe left greater than right facet hypertrophic changes with moderate left neural foramen narrowing." Plaintiff's Motion at 2; Transcript at 195. An examination in August 2003 showed that plaintiff could stand and/or walk short distances for two to four hours a day, sit one-half to one hour alternating with standing and/or walking for a total of six hours, and perform light lifting. *See* Plaintiff's Motion at 4; Tr. at 161. On May 12, 2004, plaintiff underwent a neurological evaluation for his worker's compensation case, which showed a limping gait, limited motion in the back, and sensory and motor loss in the upper left extremity. Plaintiff's Motion at 3. Dr. Daniel Meub, the examining physician, concluded that plaintiff should be precluded from heavy work, prolonged standing, and climbing and working at heights. Tr. at 176. In April 2005, an orthopedic examination revealed limited range of motion in the lumbar spine and negative straight-leg raising in the sitting position but positive straight-leg raising on the left in the upright position. *Id.* at 191. The examiner diagnosed degenerative disc disease of the lumbar spine causing "low back pain with left lower extremity radicular symptoms," and concluded that plaintiff could perform light work, but "should be allowed to periodically alternative sitting and standing to relieve pain or discomfort, with thirty minute time periods as a reasonable guideline." *Id.* at 195; *see also* Plaintiff's Motion at 4.

In September 2006, plaintiff was hospitalized for exacerbation of congestive heart failure. Tr. at 16. He was diagnosed with acute renal insufficiency, depression, and obesity, in addition to chronic asthma and back problems.

### B. ALJ's findings

The ALJ evaluates disability cases using a five-step evaluation process established by the Social Security Administration. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); *see also* 20 C.F. R. § 404.1520. In the first two steps, the claimant must establish that he or she is (1) not performing substantial gainful work and (2) not performing substantial gainful work due to a "severe" impairment. 20 C.F. R. § 404.1520. An impairment must have lasted or be expected to last twelve months in order to be considered severe. 20 C.F.R. § 404.1509. In the third step, the claimant must establish that his or her impairment meets or medically equals a listed impairment described in the administrative regulations. 20 C.F.R. § 404.1520. If the claimant's impairment does not meet or equal one of the listed impairments, the evaluation proceeds to the fourth step, in which the claimant must establish her impairment prevents her from performing relevant work she did in the past. *Id.* In the fifth step, the Commissioner must demonstrate that the claimant is able to do other work, and that there are a significant number of jobs in the national economy that claimant can do. *Tackett*, 180 F.3d at 1099. The Commissioner may meet this burden by relying upon "the testimony of a vocational expert." *Id.* The burden of proof is on the claimant as to the first four steps. *Id.* at 1098. The burden shifts to the Commissioner for the fifth step. *Id.*

Here, the ALJ denied plaintiff's claim based on the finding that although he had a severe combination of impairments which prevented him from performing his past work, he could still perform other work existing in the national economy. Plaintiff's Motion at 2. Under the third step, the ALJ found that plaintiff did not suffer from an impairment or combination of impairments that met or equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. § 404.1520(d). Based on the medical record, the ALJ found that although plaintiff could not perform his past relevant work, he retained the functional capacity to perform light work with additional functional limitations including light lifting, and occasional postural activities which allows the option to sit and stand at will and the use of a cane for walking further than one block. Defendant's Motion at 2; Tr. at 18. The ALJ therefore denied plaintiff's claim at the fifth step of the evaluation. *Id.*

3

## LEGAL STANDARD

A district court's review of a disability determination is limited, and a final administrative decision may be altered "only if it is based on legal error or if the fact findings are not supported by substantial evidence." *Sprague v. Bowen*, 812 F.2d 1226, 1229 (9th Cir. 1987). Substantial evidence is that relevant evidence in the entire record "which a reasonable person might accept as adequate to support a conclusion." *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). Substantial evidence consists of "more than a mere scintilla but less than a preponderance." *Young v. Sullivan*, 911 F.2d 181, 183 (9th Cir. 1990). The Court must consider the entire record, including evidence that both supports and detracts from the ALJ's decision. *See Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001). However, the ALJ's decision must be upheld if the evidence is susceptible to more than one rational interpretation. *Allen v. Sec'y of Health and Human Servs.*, 726 F.2d 1470, 1473 (9th Cir. 1984).

The reviewing court has discretion to remand a case for further evidence, or to award benefits. *Moore v. Comm'r Soc. Sec. Admin.*, 278 F. 3d 920, 926 (9th Cir. 2002). If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded. *See Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981).

## DISCUSSION

Plaintiff moves for summary judgment on the question whether the ALJ erred in finding that plaintiff was not presumptively disabled under step three. Plaintiff argues that he either meets or equals Listing 1.04A, 20 C.F.R. Pt. 404, Subpt. P, App. 1, and that the ALJ failed to adequately explain his reasoning. Defendant also moves for summary judgment, arguing that the ALJ properly found that plaintiff was not presumptively disabled under Listing 1.04A. For the reasons described below, the Court finds that the ALJ did not adequately explain his reasoning at step three, and therefore remands the case to the ALJ and denies the parties' cross-motions for summary judgment.

4

**I.    Whether plaintiff meets Listing 1.04A**

Listing 1.04A addresses disorders of the spine, such as degenerative disc disease, as a basis of presumptive disability; it requires evidence of "nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)." 20 C.F.R. Pt. 404, Subpt. P, App. 1. The ALJ concluded under step two that plaintiff has degenerative disc disease of the lumbar spine, but did not find, at step three, that "there is evidence, to the degree necessary, of compromise of a nerve root or the spinal cord, with evidence of nerve root compression." Tr. At 17. The ALJ thus did not find "all required criteria present for a listing-level impairment for any continuous 12-month period." *Id*.

The Court agrees with plaintiff that the ALJ did not give an adequate explanation for why the evidence presented by plaintiff's medical records failed to meet Listing 1.04A. The Ninth Circuit has held that "an ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment. A boilerplate finding is insufficient to support a conclusion that a claimant's impairment does not do so." *Marcia v. Sullivan,* 700 F.2d 172, 176 (9th Cir. 1990). Here, the ALJ merely listed the criteria under Listing 1.04A and made a cursory finding that plaintiff does not meet each element of the listing:

> [I] do not find . . . evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test . . . . Contrary to counsel's argument, there is no objective evidence, such as imaging, which confirms a nerve root compromise, despite the Claimant's subjective complaints of chronic pain. At various times, claimant demonstrated either a seated or supine straight leg raise, perhaps some atrophy of one or the other lower extremity, and other signs or symptoms. However, I do not find all required criteria present for a Listing-level impairment for any continuous 12-month period.

Tr. at 17. The ALJ's discussion of step three is therefore very general, as he did not make specific references to the medical record or explain how he reached the conclusion that plaintiff does not meet the listing despite evidence showing neural foramen narrowing on his MRI, as well as evidence from plaintiff's neurological and orthopedic evaluations indicating his limping gait, limited motion in the

5

back, and sensory and motor loss. The Court therefore cannot determine whether the ALJ's decision is supported by substantial evidence, and finds that a remand is necessary to permit the ALJ to provide further explanation of his decision. On remand, the ALJ must explain whether he required objective evidence that confirms a nerve root compromise, and must discuss whether plaintiff's evidence is sufficient to show that he meets Listing 1.04A.[2]

## II.   Whether plaintiff equals Listing 1.04A

Plaintiff contends that even if his condition did not precisely meet the listing, the ALJ had a "duty to consider whether this condition in combination with [his] other impairments equaled the listing." Plaintiff's Motion at 7. In addition to degenerative disc disease, plaintiff is obese, has hypertension, asthma, and recent onset congestive heart failure exacerbation with hypertensive urgency. Tr. at 17. In particular, plaintiff argues that his severe obesity exacerbates his degenerative disc disease with radiculopathy and "represents an important independent impairment and medical finding." Plaintiff's Motion at 7. However the ALJ summarily concluded that "the objective medical evidence does not suggest that the cumulative effects of obesity meet the criteria set forth" in the listing. *Id.*

In *Marcia*, the Ninth Circuit held that "in determining whether a claimant equals a listing under step three of the Secretary's disability evaluation process, the ALJ must adequately explain his evaluation of . . . the combined effects of the impairments." 900 F.2d at 176. The ALJ was required to consider the effect of obesity on plaintiff's condition:

> Obesity is a medically determinable impairment that is often associated with disturbance of the musculoskeletal system, and disturbance of this system can be a major cause of disability in individuals with obesity. The combined effects of obesity with musculoskeletal impairments can be greater than the effects of each of the impairments considered separately. Therefore, when determining whether an individual with obesity has a listing-level impairment or combination of impairments, and when assessing a claim at other steps of the sequential evaluation process, including when assessing an individual's residual functional capacity, adjudicators must consider any additional and

---

[2] To the extent the ALJ wishes to disregard the opinion of plaintiff's treating physicians, he "must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983).

cumulative effects of obesity.

20 C.F.R. Pt. 404, Subpt. P, App. 1. The ALJ's summary conclusion did not adequately explain why plaintiff's condition, in combination with the effects of obesity, failed to equal Listing 1.04A. The Court therefore finds that a remand for further administrative proceedings is appropriate to permit the ALJ to provide further explanation as to why plaintiff does not equal Listing 1.04A.

## CONCLUSION

The Court finds that the ALJ did not give sufficient explanation for his decision that plaintiff's condition, singly or in combination with other impairments, failed to meet or equal the listing. For the foregoing reasons, the Court DENIES plaintiff's motion for summary judgment, DENIES defendant's motion for summary judgment, and REMANDS the matter for further administrative proceedings with the following instructions:

(a) the ALJ shall evaluate plaintiff's claims in a manner consistent with this opinion, citing specific reasons why his condition does not meet Listing 1.04A;

(b) the ALJ shall cite specific reasons why plaintiff's condition, combined with the effects of obesity, does not equal Listing 1.04A [Docket Nos. 12, 13].

**IT IS SO ORDERED.**

Dated: August 4, 2008

SUSAN ILLSTON
United States District Judge

7